WILLIAM HAYES, RESPONDENT, *v.* THE BUSH & DENS-
LOW MANUFACTURING COMPANY, APPELLANT.

*Negligence — an employee violating a rule, which is necessarily or habitually violated,
is not chargeable with contributory negligence.*

Upon the trial of this action it appeared that the plaintiff, a boy of fifteen years, was employed by the defendant to feed a press with strips of tin, out of which were stamped "bottoms," twelve "bottoms" out of each strip. While pushing the strip under the punch for the last bottom, his finger passed under the punch and was injured by it. In the factory were conspicuous notices forbidding the placing of hands or fingers between the dies for any purpose. The evidence of the boy tended to show that it was necessary, in the ordinary prosecution of his work, to place his fingers under the punch when the last bottom of the strip was to be stamped, and that such was the ordinary custom in the factory.

*Held,* that it was error to dismiss the complaint on the ground of the contributory negligence of the boy; that if the defendant prosecuted the work in such a manner as to render a violation of the rule necessary or probable, or if it suffered and approved its being habitually disregarded, the rule was rendered inoperative.

APPEAL from a judgment in favor of the defendant, entered upon an order dismissing the complaint made at the Kings County Circuit.

*Charles J. Patterson,* for the appellant.

*Walter M. Rosebault,* for the respondent.

CULLEN, J.:

This action is brought by an employee to recover damages for personal injuries received while working on a press. The plaintiff's evidence tends to show that the machine was defective, and that injury occurred from such defect. The complaint was dismissed at the circuit because of the contributory negligence of the plaintiff. The plaintiff, a boy of fifteen years, was employed feeding a press with strips of tin, out of which were stamped " bottoms," twelve " bottoms " out of each strip. While pushing the strip in under the punch or die for the last bottom, his finger passed under the punch, and the press being set in motion he was injured. In the factory were conspicuous notices forbidding placing hands or fingers between the dies for any purpose. The evidence of the boy tended to show that it was necessary, in the ordinary prosecution of his work, to place his fingers under the punch when the last bottom of the strip was to be stamped, and that such was the ordinary custom in the factory.

We do not think the notice or printed rule conclusive on the question of plaintiff's negligence. Ordinarily, disobedience of a rule would be negligence, but if the defendant prosecuted the work in a manner that rendered a violation of the rule necessary or probable, or if it suffered and approved its habitual disregard, the rule was inoperative. We think the question of the plaintiff's negligence should have been submitted to the jury.

Judgment reversed and new trial ordered, costs to abide event.

Present — BARNARD, P. J., and DYKMAN, J.

Judgment reversed and new trial granted, costs to abide event.